# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

TIFFANY GOINS,

    Plaintiff,

v.                                         No. 3:11-0015
                                         Jury Demand

BARNES AND NOBLE.COM LLC

    Defendant.

## INITIAL CASE MANAGEMENT ORDER

Pursuant to LR 16.01(d), the parties propose the following Initial Case Management Plan:

1. **Jurisdiction:** This court has jurisdiction pursuant to 28 U.S.C. 1332 in that the parties are citizens of different States. Also, the court has jurisdiction pursuant to the Tennessee Handicapped Act, TCA 8-50-103 et seq., the Americans with Disabilities Act, 42 USC § 12101 *et seq* and the ADA Amendments Act of 2008 in that a Notice of Right to Sue has been issued on January 28, 2011.

2. **Service of Process:** Defendant has been served.

3. **Responsive Pleadings:** Defendant has not filed a responsive pleading at time.

4. **Plaintiff's Theory of the Case:** Plaintiff is bringing this action due to the fact that she was terminated because of a disability or perceived disability in violation of State and Federal law. Plaintiff meets the definition of disabled pursuant to the Americans with Disabilities Act in that she has bi-polar disorder. This condition does not affect her in the performance of the essential functions of her job. Plaintiff was a very effective

Store Manager for Barnes & Noble. She took an underperforming store and made improvements. Plaintiff was exceeding sales plan and sales comp, exceeding payroll goals, exceeding digital sales goals, exceeding institutional and bookfair goals.

The defendant's reason given for termination as stated by Plaintiff's supervisor was "I feel that you have checked out on me, like you're just there." Plaintiff would submit that this reason is a mere pretext meant to disguise the real reason which was that she was being terminated due to her disability or perceived disability.

5. **Defendant's Theory of the Case:** It is Defendant's respectful position that the Second Amended Complaint fails to state a claim upon which relief can be granted. The entity that Plaintiff sued was not Plaintiff's employer; instead, Barnes & Noble Booksellers, Inc., was Plaintiff's employer. Defendant denies that Plaintiff is a person with a disability or perceived disability within the meaning of the ADA or TDA. Defendant further denies that Plaintiff was terminated because of any real or perceived disability.

6. **Identification of the Issues:** The issues and facts in this case are in dispute at this time.

7. **Other Claims:** At this time, the parties are not aware of the need for any additional counterclaims, cross-claims, third-party claims, joinder of parties or claims. Should the parties become aware of the need for such pleadings, then they will inform the other of the same.

8. **Witnesses**: The parties will submit their Rule 26(a) disclosures, setting forth those witnesses upon whom they may rely to support their claims and defenses, unless solely for impeachment or rebuttal.

9. **Amendment of Pleadings**: Any motion to amend the pleadings must be filed not later than **March 15, 2011**.

10. **Initial Disclosures and Staging of Discovery**:

    (a) Initial Disclosures – Rule 26(a)(1) Initial Disclosures shall be exchanged within 30 days of the entry of this Order.

    (b) Written Discovery – All written discovery shall be completed by **October 31, 2011**.

    (c) Depositions – Depositions of fact witnesses shall be completed by **November 30, 2011**.

    Depositions of expert witnesses shall be completed by **November 30, 2011**.

    (d) Disclosure of Experts – Plaintiff shall make his mandatory Rule 26(a)(2) disclosures by **August 1, 2011**. Defendant shall make its mandatory Rule 26(a)(2) disclosures by **August 31, 2011**.

    (e) Dispositive Motions Stay – Discovery is not stayed while dispositive motions are pending, unless ordered by the Court.

    (f) Protective Orders – A protective order may be required as the parties anticipate that privileged information and information from non-parties' personnel files will be exchanged during discovery.

11. **Dispositive Motions**: All dispositive motions are to be filed with this Court by **January 13, 2012**. Responses shall be filed with the Court by **February 10, 2012**. Optional replies shall be filed with the Court by **February 24, 2012** If dispositive motions are filed early, then the response shall be due 28 days after the date the motion is

filed, and the reply shall be due 14 days after the date the response is filed. The motion and response memoranda are limited to 25 pages, and the reply, if a reply is filed, is limited to 10 pages, absent Court permission for longer memoranda.

12. **Subsequent Case Management Conference:** A subsequent telephonic case management conference shall be scheduled for **August 5, 2011** at 11:00 a.m.

13. **Alternate Dispute Resolution:** At this time, the parties do not believe alternate dispute resolution is appropriate. The parties will discuss the possibility of a settlement conference and request any such conference prior to the Subsequent Case Management Conference.

14. **Target trial date:** This case will be a jury trial with an estimated length of three (3) days. The parties request a trial date sometime between May 15, 2012 and June 30, 2012

It is so **ORDERED:**

JULIET GRIFFIN
United States Magistrate Judge

APPROVED FOR ENTRY:

/s/ James L. Harris
Attorney for the Plaintiff

/s/ Jonathon O. Harris
Attorney for Defendant

9781891.1 (OGLETREE)