IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIFFANY GOINS )
) No. 3-11-0015
v. )
)
BARNES AND NOBLE.COM LLC )

O R D E R

By contemporaneously entered order, the Court has approved and entered the parties' initial case management order, with minor modifications addressed at the initial case management conference held on February 14, 2011. Those modifications and other matters addressed on February 14, 2011, are as follows:

1. The defendant maintains that the correct defendant and the plaintiff's former employer is Barnes & Noble Booksellers, Inc., not Barnes and Noble.com LLC.

The parties shall determine whether they can agree to substitute Barnes & Noble Booksellers, Inc. for defendant Barnes and Noble.com LLC, and, if so, they shall file an agreed order to that effect.

2. The plaintiff is granted leave nunc pro tunc to February 3, 2011, file a second amended complaint.

3. The defendant shall have until February 22, 2011, to file a response to the plaintiff's second amended complaint (Docket Entry No. 8).

The defendant anticipates filing a motion to dismiss. In that event, the plaintiff shall have 30 days from the filing of the motion or until March 24, 2011, if the motion is filed on February 22, 2011, to file a response. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by April 7, 2011, if the response is filed on March 24, 2011.

No other filings in support of or in opposition to the defendant's anticipated motion to dismiss shall be made except with the express permission of the Honorable Todd J. Campbell, Chief Judge.

There shall be no stay of discovery during the pendency of the defendant's anticipated motion to dismiss.

4. Because the parties anticipate little discovery of electronically stored information, they are exempted from the provisions of Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007.

5. Any motions to amend the pleadings shall be filed by March 15, 2011.

6. All written discovery shall be completed by October 31, 2011. That means that written discovery shall be served in sufficient time so that responses will be in hand by October 31, 2011.

7. A telephone conference call with counsel for the parties and the Court is scheduled on **Friday, August 5, 2011, at 11:00 a.m.,** to be initiated by defendant's counsel, to address the status of the case, including the status of fact discovery and whether the parties will use experts, to establish a deadline for filing any discovery motions,[1] and to address the potential for settlement and propriety of ADR, and any other appropriate matters.

As provided in the contemporaneously entered order, the deadline for filing dispositive motions is January 13, 2012. Any responses shall be filed within 28 days of the filing of the motion or by February 10, 2012, if the motion is filed on January 13, 2012. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by February 24, 2012, if the response is filed on February 10, 2012.

No other filings in support of or in opposition to any dispositive motion shall be made without Chief Judge Campbell's express permission.

No party shall file more than one Rule 12 motion to dismiss or more than one Rule 56 motion for summary judgment.

---

[1] The Court neglected to establish such a deadline on February 14, 2011.

There shall be no stay of discovery before the November 30, 2011, deadline for completion of fact and expert discovery even if a dispositive motion is filed prior thereto.

In light of the above scheduling for the progression of the case, it is recommended that a jury trial be scheduled no earlier than June 5, 2012. The parties estimate that the trial will last three (3) days.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge