IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIFFANY GOINS )
) No. 3-11-0015
v. )
)
BARNES AND NOBLE.COM LLC )

O R D E R

On February 18, 2011, the defendant filed a motion to dismiss (Docket Entry No. 16). On February 20, 2011, the plaintiff filed a response to the motion (Docket Entry No. 19), and a "Second Amended Complaint" (Docket Entry No. 18). In the plaintiff's response, she recounts that, at the February 14, 2011, initial case management conference, she was given an opportunity to file a second amended complaint, nunc pro tunc to February 3, 2011, but that, before she could file the second amended complaint, the defendant filed its motion to dismiss.

The plaintiff misconstrues the Court's order. The plaintiff originally filed her complaint on January 5, 2011. On January 12, 2011, she filed a first amended complaint (Docket Entry No. 5). She had a right to file that complaint as a matter of course without leave of Court or consent of the defendant. See Rule 15(a)(1) of the Federal Rules of Civil Procedure.

However, on February 3, 2011, the plaintiff filed a Second Amended Complaint (Docket Entry No. 8), to assert a claim under the Americans with Disabilities Act after she had received a Notice of Right to Sue.[1] Since she had already filed an amended complaint on January 12, 2011, she did not have a right, as a matter of course, to file another amended complaint without the defendant's consent or leave of Court. Therefore, on February 14, 2011, the Court granted the plaintiff leave to file the February 3, 2011, Second Amended Complaint nunc pro tunc. The order entered February 15, 2011 (Docket Entry No. 14), clearly provided that the plaintiff was granted

---

[1] On February 7, 2011, the plaintiff refiled the identical Second Amended Complaint (Docket Entry No. 11), after the Clerk notified the plaintiff that she had not included a certificate of service on the February 3, 2011, amended complaint, and directed the plaintiff to "re-file" the certificate of service.

leave nunc pro tunc to February 3, 2011 (the date the amended complaint was filed without leave of Court), to file her Second Amended Complaint. The order also provided that the defendant had until February 22, 2011, to file a response to the plaintiff's Second Amended Complaint, referring to its docket entry number (Docket Entry No. 8). The order also clearly indicated that the defendant intended to file a motion to dismiss as its response to the Second Amended Complaint by the February 22, 2011, deadline, and provided briefing deadlines for the anticipated motion to dismiss.

The Court does, however, acknowledge that, at the February 14, 2011, initial case management conference, plaintiff's counsel indicated that he might want to file another amended complaint, there was discussion about how another amended complaint might address the issues that the defendant anticipated raising in a motion to dismiss, and defendant's counsel acknowledged that a motion to amend filed by the plaintiff after the defendant filed a motion to dismiss might be "fair game." However, rather than filing a motion to amend, the plaintiff filed her latest amended complaint (Docket Entry No. 18) (duplicatively styled "Plaintiff's Second Amended Complaint"), without seeking leave to amend. Inasmuch as the plaintiff's latest filing addresses some of the issues raised by the defendant in its pending motion to dismiss, counsel for the parties shall convene a telephone conference call with the Court on **Wednesday, February 23, 2011, at 11:00 a.m.,** to be initiated by defendant's counsel, to address the plaintiff's filing.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge