UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TIFFANY GOINS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-00015 |
| | ) | Judge Campbell |
| BARNES AND NOBLE.COM LLC, | ) | |
| | ) | |
|     Defendant. | ) | |

## ORDER

Pending before the Court is Defendant Barnes & Noble Booksellers, Inc.'s Motion to Dismiss (Docket No. 16). The Motion, which has been fully briefed by the parties (Docket Nos. 17, 19 & 25), is DENIED.

This is an action under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Tennessee Disability Act ("TDA"), Tenn. Code Ann. § 8-50-103 *et seq.*, in which Plaintiff claims she was terminated as the manager at Defendant's Brentwood, Tennessee bookstore because she was disabled, or perceived as disabled. Defendant moves to dismiss arguing that Plaintiff's Complaint (now in its fourth iteration)[1] fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and the Supreme Court's decisions in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) and Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007).

---

[1] The Motion to Dismiss was directed at Plaintiff's Second Amended Complaint. However, after the Motion was filed and Plaintiff responded, the Magistrate Judge granted Plaintiff leave to file her "Fourth Amended Complaint *Nunc Pro Tunc*." The Magistrate Judge ordered Defendant to file a reply brief directed to the allegations in that Complaint, "clarify what claims" it still seeks to dismiss, and ruled that the reply would be the final brief on the pending Motion, unless the parties sought leave to make further filings. (Docket No. 22). Accordingly, the Court considers the Motion to Dismiss, in the context of the sufficiency of the allegations contained in Plaintiff's "Fourth Amended Complaint *Nunc Pro Tunc*" and the arguments raised by Defendant as limited by its reply brief.

1

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must take "all well-pleaded material allegations of the pleadings" as true. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010). The factual allegations in the complaint "need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Id. (quoting Iqbal, 129 S.Ct. at 1949-50). "'A legal conclusion couched as a factual allegation,'" however, "need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." Id. (quoting Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009) and Twombly, 127 S.Ct. at 1965).

To state a claim under the ADA, Plaintiff must show that she was (1) a qualified individual with a disability (or perceived disability); (2) was otherwise qualified to perform her job requirements, with or without a reasonable accommodation; and (3) discharged solely because of her disability. Jakubowski v. Christ Hosp., Inc., 627 F.3d 195, 201 (6th Cir. 2010). A claim for violation of the TDA requires proof of the same elements, except that the TDA "do[es] not include a 'reasonable accommodation' component." Bennett v. Nissan North America, Inc., 315 S.W.3d 832, 841-42 (Tenn. Ct. App. 2009).

Because Iqbal and Twombly require that a plaintiff plead facts suggesting a right to relief beyond the speculative level, it is possible for a plaintiff to "plead [her]self out of court by pleading facts that show [s]he has no legal claim." Atkins v. City of Chicago, ___ F.3d ___, ___, 2011 WL 206155 at *7 (7th Cir. 2011). Defendant argues Plaintiff has done so, both with regard to the "solely because of a disability" and the "perceived as disabled" elements of an ADA claim.

Plaintiff specifically alleges that she "was terminated solely because of her disability or

2

perceived disability in violation of" the ADA and the TDA. While this allegation may be viewed as nothing more than an insufficient "formulaic recitation" of an essential element, Twombly, 550 U.S. at 555, other allegations flesh-out Plaintiff's assertion that she was discharged solely because of a disability, or perceived disability.

Construed in Plaintiff's favor and accepted as true for present purposes, the Fourth Amended Complaint alleges that ever since Plaintiff first began working for Defendant she was a successful manager. Her performance reviews were good, and, because of her effectiveness, she was assigned to take over the poor-performing Brentwood store in May 2009.

Plaintiff concedes that she was placed on an improvement plan after she was faced with managing many new employees who came to her store from the shuttered Opry Mills store as a result of the May 2010 flood, and admits that another concern was raised in late September 2010 as a result of a complaint from a bookseller which prompted some in human resources to want to fire her. However, Plaintiff also alleges that she wrote up an "action plan" that appeared to have been accepted, that her manager told her that he disagreed with human resources and not to worry about being fired, and that she was not subjected to any further written discipline or visits to her store, until she told her supervisor on October 28, 2010, that she suffered from bipolar disorder. Even then, according to Plaintiff, her supervisor implored her not to leave, and to "just keep on doing what you do" and "keep up the good work[.]" (Docket No. 23, ¶ 23). Nevertheless, a month after Plaintiff's revelation of her condition, her employment was terminated for "ineffective communication." (Id. ¶ 26).

Plaintiff's allegations make a plausible claim for disability discrimination. The allegations are sufficient to "unlock the doors of discovery," Iqbal, 129 S.Ct. at 1950, and permit her the

opportunity to show that her dismissal was due solely to the fact that Defendant learned she was bipolar.

In her Complaint, Plaintiff also alleges that she was regarded or perceived as disabled and that, when her bipolar disorder became known, human resources contacted her and asked her if she wanted to take a leave of absence. Defendant argues these allegations establish that Plaintiff was not regarded as disabled because both the Sixth Circuit and the Equal Employment Opportunity Commission have indicated that an offer of a reasonable accommodation itself is not enough to show that an employee is regarded as disabled. (Docket No. 25 at 1, citing Plant v. Morton Intern., Inc., 212 F.3d 929, 938 (6th Cir. 2000) and EEOC Questions and Answers on Proposed Rulemaking Question No. 22).

Defendant's argument fails for several reasons. First, the argument presupposes that asking Plaintiff if she wanted to take a leave of absence was, in fact, a reasonable accommodation for her bipolar disorder. The EEOC's proposed rulemaking question No. 22, relied on by Defendant, states that "[a]sking if an employee who appears to be having difficulty performing a job because of an impairment needs a reasonable accommodation would not violate the ADA." However, Plaintiff alleges that she was not having difficulty performing her job at the time she disclosed her ailment, and that she had worked twenty years with the condition, leaving it is an open question whether leave was offered as a reasonable accommodation or for some other reason.

Second, Defendant's reliance on Plant is misplaced because that case was decided on summary judgment and plaintiff came forward with "no evidence to show that he fits within the [regarded as] definition," other than to suggest that because defendant made an effort to accommodate his medical restrictions that meant it regarded plaintiff as disabled. Plant, 212 F3d

4

at 938. Here, of course, the Court is not considering evidence at this point, only allegations.

Third, Defendant understates Plaintiff's allegations. She alleges that Defendant regarded her as disabled not simply because it offered her leave, but also because her supervisor "had to perceive her as disabled since he took steps to call human resources and advise them of her condition," even though Plaintiff asked her manager to keep her condition confidential. (Docket No. 25 at ¶ 24).

Fourth and finally, dismissal of the Fourth Amended Complaint is not warranted because Plaintiff also alleges that she was in fact disabled due to her bipolar disorder and that this disorder affected her major life activities of sleeping, thinking and concentrating. This is an alternative basis for holding Defendant liable under the ADA. See, 42 U.S.C. § 12102 (1) (defining "disability" in the disjunctive as an actual impairment, record of impairment, or being regarded as having an impairment). The Court will not dismiss the "regarded as" claim because Plaintiff may be able to prove it.

Based upon the foregoing, Defendant's Motion to Dismiss (Docket No. 16) is hereby DENIED.

It is SO ORDERED.

_____
Todd J. Campbell
United States District Judge